Price, J.
When the plaintiff closed his evidence, he had made m> better case than he had stated in a very vulnerable petition. The petition shows that the right to compensation depended upon a completed sale. The contract under which this agent was acting authorized him to sell the property therein described on terms clearly stated: “title to be perfect, free and unincumbered.” He was given sole authority to make the sale for a period of ten days, and the owners agreed to “pay you [the agent] for services when the property is sold.” There is no averment in the petition that the property was sold, but the averment is that plaintiff, on or about the 9th of May, 1905, *10 “procured in writing a purchaser for the said premises, in accordance with the terms of said contract, who was ready, able and willing to purchase said property in accordance with the terms of the contract above set forth, and so notified the defendants.”
This falls far short of making a sale, for many untoward incidents may occur after a purchaser is procured, which may defeat a sale without any fault on the part of the owners, the principals. This agent knew a Mr. Ohlinger, who had made inquiry about property, and the agent took him to the Humburg premises and they were examined by Ohlinger and also by his wife. They seemed satisfied with the property and the terms, and orally agreed to pay the price. But no contract was reduced to writing, and of course none signed. Ohlinger paid the agent $9.75, for which the latter gave a receipt. This receipt signed by plaintiff, the agent, stated, “the title to said property must be good and unincumbered except the taxes in December. 1905, and thereafter.” The agent turned the $9.75 over to the Humburgs, taking their receipt therefor. But Ohlinger signed- no writing whatever. And aside from the above contract of agency, the Humburgs signed nothing except a receipt to the agent for the $9.75. Ohlinger did not take possession, and nothing further was done towards completing a-sale. The plaintiff’s testimony shows that after Ohlinger had paid the $9.75. his attorney examined the title, pronounced it bad and advised Ohlinger against buying the property, and he acted on that advice' and there all negotiations ended. Neither the owners in person or by the *11 agent, nor the prospective purchaser, signed any' contract of sale, and as possession was not taken, there was nothing but an unenforceable parol agreement. If this be true, it is quite certain there had been no valid sale made. The agent failed to procure .a contract of purchase and sale, which the owners could enforce, and under his contract of agency, he was required to make a sale, or secure a valid contract for the same, in order to receive compensation. This agency contract was not to merely procure an able, willing and ready purchaser, but the owners agree to pay for services when the property is sold. This condition is not met where a parol contract is made which can not be enforced.
As said in Wilson v. Mason, 158 Ill., 304-311: “The true rule is that a broker is entitled to his commission, if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract. * * * An agreement by a real estate broker to procure a purchaser, not only implies that the purchaser shall be one able to comply, but that the seller and purchaser • must be bound to each other in a valid contract. So, where the agreement of the real estate broker is to make a sale, his commission is earned when a contract is entered into, which is mutually obligatory upon the vendor and vendee, even though the vendee afterwards refuses to execute his part of the contract of sale or purchase. An oral agreement upon the part of the purchaser of land would not be a valid agreement; and if he refuse to complete the sale of land after such oral agreement, without fault upon the part of the seller, the obligation of the broker would *12 not be fulfilled, and he could not recover his commissions.”
This authority fully covers the present question; and we are satisfied with it. The failure to complete the sale in the present case was not through the fault of the sellers, for the record shows they tendered a deed to Ohlinger and urged his acceptance. The reason for refusal given by Ohlinger was that the title was not good, but the nature of the defect, if any, does, not appear in the record.
The above case cites others, and they may be found in the brief. Many of the authorities cited for plaintiff in error treat of cases where the sale failed of completion because of the conduct or default of the principal and where the agent had performed his whole duty.
The plaintiff in error, through his counsel, makes the proposition, that “where the real estate agent finds a purchaser who is ready, willing and able to take the property at the stipulated price, no written contract of purchase signed by the prospective purchaser is necessary to enable the agent to recover his commission.”
As a general rule, we may assent to it, but it can not be used to determine every case, especially in a case where the contract of agency is specific and clear as to the condition upon which commission can be recovered. Nor do we intend to hold that as a general rule it is a part of the agent’s duty to enter into a written contract with the purchaser for the sale of the property. This court held in Weatherhead v. Ettinger, 78 Ohio St., 104, that “a real estate broker is without authority to execute a contract of sale which shall *13 be binding upon one who places real estate in his hands for sale unless such authority' is ’ specially conferred.” But the agent should go far enough to find a ready, able and willing purchaser and bring him and the owner together so that they may enter into a binding contract of sale and purchase. However, we need not further notice or discuss cases cited for plaintiff in .error, because it appears in the evidence in this case that the agent drafted the contract of agency involved here, and prepared it for the signature of his principals. He placed in it a condition not-frequently found in such agency contracts, and it differentiates this from the numerous cases cited in brief for plaintiff in error. After giving him sole authority for ten days to sell the property at the price named, title to be perfect, free and unincumbered, the owners agree to pay the agent for services when the property is sold. It is not averred in the petition, nor’ is it established by any evidence introduced by the agent, that a sale was made.
The writing, and the only writing between the purchaser and agent, was merely a receipt which the agent gave Ohlinger for $9.75 to be applied on the purchase price of the premises. He procured no obligation signed by Ohlinger. Therefore there was no sale made — no enforceable contract entered into by either vendor or vendee.
We find no error in the judgment of the lower court and its judgment is

Affirmed.

■ Summers,- C. J., Crew, Spear, Davis and Shauck, JJ., concur.